UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 0 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| Paul Maas Risenhoover[1], | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.[2] 07 1981 |
| | ) | |
| Chen Shui-bian, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Petitioner is serving a 10-year sentence presumably imposed by a court in Taiwan. Pet. at 2. Confined "outside Taiwan," *id.* at 1, petitioner seeks the issuance of a writ of *habeas corpus* presumably against Chen Shui-bian, President of the Republic of China, who is named as the sole respondent.[3]

A writ of *habeas corpus* must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The federal courts are authorized to grant the writ "within their respective jurisdiction[]." 28 U.S.C. § 2241(a). In order to issue the writ, however, a court must have personal jurisdiction over the respondent. *See Stokes v. U.S. Parole*

---

[1] The petition is brought in the name of "Special Adviser for International Law to the Permanent Mission of Tuvalu to the UN." The name of the presumed petitioner is hereby substituted as the real party in interest.

[2] Despite the handwritten words "under seal" on the face of the complaint and the application to proceed *in forma pauperis*, petitioner did not comply with Local Civil Rule 5.1(j)(1), which requires that "[a]ny pleading filed with the intention of being sealed [] be accompanied by a motion to seal." *Id.* Thus, the Clerk is directed to file this case in the public record.

[3] The petition lists the respondent as "Shuibian Chen, President, Taiwan."

*Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Where, as appears here, a United States citizen is incarcerated in a foreign state under foreign authority, this Court lacks habeas jurisdiction except "where a petitioner can name a respondent who is 'within the [] respective jurisdiction' of the district court . . . [and who] has 'custody of the person detained' and the ability 'to produce at the hearing' [the petitioner] if necessary."). *Ali v. Ashcroft*, 350 F. Supp. 2d 28, 45 n.12 (D.D.C. 2004) (summarizing cases).

The petition is not a model of clarity, but nothing stated therein indicates how this Court may obtain personal jurisdiction over the President of the Republic of China. Therefore, the petition will be denied and this case dismissed by separate Order issued contemporaneously.

/s/ _____
United States District Judge

Date: October 24th, 2007